IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Christopher Clevon Feaster, | ) | |
| | ) | Civil Action No. 0:18-cv-00951-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Sgt. Rickey Prevell Sanders, | ) | |
| Sheriff Alex Underwood, | ) | |
| Lt. Fourney, Sgt. Moss, | ) | |
| Sgt. Graham, Lt. Moore, | ) | |
| | ) | |
| Defendants. | ) | |

This action arises from the arrest of Plaintiff Christopher Clevon Feaster on September 13, 2016. (ECF No. 1.) Plaintiff, proceeding *pro se* and *in forma pauperis*, claims that the arrest violated his constitutional rights. (*Id.*) The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 64.)

For the reasons below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 64), **GRANTS** Defendant Alex Underwood's Motion for Summary Judgment (ECF No. 37), and **DENIES** Defendants Sgt. Rickey Prevell Sanders, Lt. Fourney, Sgt. Moss, Sgt. Graham, and Lt. Moore's Motion for Summary Judgment (ECF No. 46).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth the relevant facts and legal standards which the court incorporates herein without full recitation. On July 6, 2018, Plaintiff filed a Complaint against the City of Chester Police Department ("CCPD") officers Sgt. Rickey Prevell Sanders, Lt. Fourney, Sgt. Moss, Sgt. Graham, and Lt. Moore ("City Defendants"). (ECF No. 21.)

Two jurisdictions, Gaston County, North Carolina, and York County, South Carolina,

charged Plaintiff with crimes that led to his arrest on September 13, 2016. (ECF No. 64 at 2-3.) A detective from the Gaston County Police Department ("GCPD") called the CCPD with notice that Plaintiff had been identified as a suspect for crimes committed in North Carolina. (*Id.* at 3.) CCPD knew of Plaintiff's place of residence. (*Id.*) A Gaston County Magistrate Judge issued a warrant for Plaintiff's arrest and the GCPD detective joined officers at the CCPD. (*Id.*) A detective from the York County Sheriff's Office ("YCSO") also arrived at CCPD because Plaintiff was a suspect in robberies in York County. (*Id.* at 4.)

Officers allegedly arrested Plaintiff pursuant to the Gaston County warrant. (*Id.*) However, Plaintiff claims that officers failed to serve him with an arrest warrant, failed to provide a basis for his arrest, and that neither YCSO nor GCPD participated in his arrest (*Id.*) The GCPD detective questioned Plaintiff at CCPD (*Id.* at 4-5) and the CCPD booked Plaintiff in the Chester County Detention Center. (*Id.* at 5.) YCSO obtained warrants for Plaintiff's arrest on September 14, 2016, and transferred Plaintiff to York County Detention Center. (*Id.*) Upon dismissal of charges in York County, CCPD served Plaintiff with charges for armed robbery in Chester County and booked him into the Chester County Detention Center on August 23, 2017. (*Id.*)

On October 12, 2018, Defendant Sheriff Alex Underwood ("Defendant Underwood") filed a Motion for Summary Judgment. (ECF No. 37.) On October 22, 2018, City Defendants filed a Motion for Summary Judgment. (ECF No. 46.)

On May 10, 2019, the Magistrate Judge issued a Report (ECF No. 64) recommending that the court grant Defendant Underwood's motion (ECF No. 37) and deny City Defendants' motion (ECF No. 46). (*Id.* at 9-10.) On July 1, 2019, City Defendants filed timely objections to the Report. (ECF No. 72.) On July 3, 2019, Plaintiff filed timely objections to the Report. (ECF No. 74.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *See also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); s*ee also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate."

*Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

## III. ANALYSIS

A. Plaintiff's Objections

Plaintiff only objects to the Report's recommendation that the court grant Defendant Underwood's Motion for Summary Judgment. (ECF No. 74.) The Report states that "Plaintiff does not dispute [Defendant] Underwood's statement" that "he is the Sheriff for Chester County and had no responsibility for, or supervision over, City Defendants." (ECF No. 64 at 7.)

Plaintiff's objection asserts that: "his claim against Sheriff Alex Underwood is not completely without merit for Plaintiff was booked into the Chester County Detention Center which is under the direct and exclusive supervision of then Sheriff Alex Underwood . . . ." (ECF No. 74 at 2.)

The court finds that this objection is merely a recitation of Plaintiff's previous claim that "Sheriff Alex Underwood maintains policies of failing to train, supervise, and control officers in investigation and arrest procedures." (ECF No. 1 at 7.) In Defendant Underwood's Motion to Dismiss, he contends that: "[t]he only individuals with any connection to [Defendant Underwood] who had any involvement . . . with Plaintiff were the officers who booked [him] into the [CCDC] . . . since [Defendant Underwood is responsible for the supervision of the [detention center]." (ECF No. 37-1 at 2.) The Magistrate Judge addressed Plaintiff's argument and ruled that he "did not dispute [Defendant] Underwood's statement. (ECF No. 64 at 7.) Furthermore, upon a thorough review, the court finds that the record contains no clear error.

B. City Defendants' Objections

City Defendants disagree with the Report's finding that a dispute of fact exists as to Plaintiff's arrest pursuant to the Gaston County warrant and contend that Plaintiff's arrest is

4

supported by probable cause. (ECF No. 72 at 1.)

The Magistrate Judge determined that: "it is premature for the court to determine whether City Defendants had probable cause to arrest Plaintiff pursuant to the Gaston County warrant" (ECF No. 64 at 9) because:

> The undersigned cannot square City Defendants' conflicting arguments about whether Plaintiff was arrested pursuant to a valid warrant or pursuant to a warrantless arrest. See City Defendants' reply regarding when law enforcement may make a warrantless arrest, but arguing only that City Defendants 'had no reason to question the validity of the arrest warrants,' including the York County arrest warrants obtained after Plaintiff was arrested. [] City Defendants' reply also argues that the Gaston County warrant is 'still pending' [] contradicting their statements that Plaintiff was arrested pursuant to the Gaston County warrant. What is clearly insufficient is the argument that Plaintiff's arrest must have been valid because he allegedly committed multiple robberies across multiple jurisdictions.

(ECF No. 64 at 9 n.3.)[1]

City Defendants claim that the collective-knowledge doctrine resolves any issues concerning probable cause:

> [City Defendants] only became involved in this matter due to Plaintiff residing within the City of Chester. Detective Watts obtained the arrest warrant and placed it into [NCIC] prior to Plaintiff being arrested. Defendant Sanders was only involved due to Detective Watts advising him about the arrest warrant and requesting his assistance. Simply put, the arrest was justified because Detective Watts (the instructing officer) had sufficient information to justify the arrest of Plaintiff due to the arrest warrant. That justification is imputed to [City Defendants] . . . .

(ECF No. 75 at 5 (citing *United States v. Massenburg*, 654 F.3d 480, 492 (4th Cir. 2011)).)[2]

However, the collective-knowledge doctrine does not remedy the contradictory statements

---

[1] Confusingly, City Defendants' motion states, on two occasions, that "charges [are] still pending against Plaintiff" in North Carolina. (ECF No. 46-1 at 2, 8.)

[2] In *Massenburg*, the Fourth Circuit Court of Appeals stated that: "the collective-knowledge doctrine simply directs us to substitute the knowledge of the *instructing officer or officers* for the knowledge of the *acting officer;* it does not permit us to aggregate bits and pieces of information from among myriad officers, nor does it apply outside the context of communicated alerts or instructions." *Massenburg*, 654 F.3d at 493.

5

about the validity of the Gaston County warrant, the validity of the York County arrest warrants, and the validity of a warrantless arrest of Plaintiff. City Defendants' objection to the Report reinforces the Magistrate Judge's hesitation to conclude that Plaintiff's arrest was lawful. (ECF No. 64 at 9 n.3) Accordingly, the court determines that City Defendants' objection is without merit.

## IV. CONCLUSION

For the reasons below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 64), **GRANTS** Defendant Alex Underwood's Motion for Summary Judgment (ECF No. 37), and **DENIES** Defendants Sgt. Rickey Prevell Sanders, Lt. Fourney, Sgt. Moss, Sgt. Graham, and Lt. Moore's Motion for Summary Judgment (ECF No. 46).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 17, 2019
Columbia, South Carolina